# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KENDRA BRYAN and MIKE BRYAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:07-CV-344-TLS |
| | ) | |
| HERMAN LYONS and J.B. HUNT TRANSPORT, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

On October 3, 2007, the Plaintiffs, Kendra Bryan (Bryan) and Mike Bryan, filed a Complaint against the Defendants, alleging that Defendant Herman Lyons negligently operated his truck, causing his vehicle to collide with a vehicle driven by Bryan on June 7, 2007. The Plaintiffs allege that this collision caused physical and emotional injuries to Bryan, and consortium damages to Mike Bryan. On February 1, 2010, the Defendants filed their Motion for Summary Judgment [DE 24]. On April 15, the Plaintiffs filed a Response in Opposition [DE 31] to the Motion. On April 29, the Defendants filed their Reply [DE 33] and the Motion is now ripe for ruling.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when

"'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609. However, the court is not required to draw every conceivable inference from the record—only reasonable ones. *Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 886 (7th Cir. 1989).

A "jury's unique competence in applying the 'reasonable man' standard is thought ordinarily to preclude summary judgment in negligence cases." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 450 n.12 (1976); *see also Gracyalny v. Westinghouse Elec. Corp.*, 723 F.2d

1311, 1316 (7th Cir. 1983) (noting that summary judgment is rarely appropriate in negligence cases because "questions concerning the reasonableness of the parties' conduct, forseeability and proximate cause particularly lend themselves to decision by a jury"); *Cox v. N. Ind. Pub. Serv. Co.*, 848 N.E.2d 690, 696 (Ind. Ct. App. 2006) ("Summary judgment must be carefully considered in negligence cases because they are particularly fact sensitive and are governed by the objective reasonable person standard—one best applied by a jury after hearing all of the evidence.").

## BACKGROUND

In determining the facts for the purpose of summary judgment, the Court notes that the facts as to the cause of the car accident in this case are often ambiguous, and are vigorously disputed. Both the Plaintiffs and Defendants set forth plausible factual scenarios of the accident's cause, and both scenarios are supported by expert testimony. The accident occurred on June 7, 2007, on Interstate 65 (the Interstate) in a construction zone near Gary, Indiana. Immediately before the accident, Bryan left Beverly Living Center, her place of employment, and headed north on the Interstate. She had just worked the 11:00 p.m. to 7:00 a.m. shift. The weather was clear and sunny, and the traffic was light. There were two northbound lanes on the Interstate (the "left lane" and "right lane"), and the rightmost lane, which served as an exit lane for westbound Interstates 80/94.

It is here that the parties' theories diverge. If one believes the Plaintiffs' perspective on the collision, it was Bryan's daily practice to take the Interstate north until exiting onto eastbound Interstates 80/94, which is north of the exit for westbound Interstates 80/94. Bryan

was driving under control until the time of the collision. Just prior to the time of the collision, Bryan was driving in the right lane on the Interstate. She passed the exit for Interstates 80/94, and at this time noticed that there was a semi-truck driving next to her, in the left lane. The semi-truck crossed over into the right lane, and Bryan felt "a small bump and a large bump and then the sound of crushing metal as it was being pulled away and pressure on my hip and waking up in the hospital, and that's everything." Bryan Dep. at 56. The bumps that Bryan felt were of the three separate impacts that comprised the collision: (1) the driver side of Bryan's car collided with the passenger side of the truck; (2) Bryan's car veered to the right and collided with the concrete barrier; and (3) Bryan's car veered back to the left and collided again with the truck, going under the truck. Defendant Lyons, who was driving the truck, was not aware of Bryan's car until the first impact. Bryan suffered many resulting injuries from the collision, including several broken bones in her back.

If one believes the perspective offered by the Defendants, Lyons was traveling in the right lane at all times leading up to and during the collision. He never changed his lane of travel. When the rightmost lane opened as an exit lane to Interstates 80/94, Bryan moved from the right lane to the rightmost lane, apparently in anticipation of exiting. Bryan's automobile then traveled back toward the Interstate, passed through a triangle shaped area containing barrels and cones. Bryan's automobile collided with one of these barriers, struck the tractor-trailer operated by Lyons, and again struck a barrier on the right side of the Interstate.

Following the collision, Lyons spoke with a police officer at the scene, and the police officer prepared a police report that included a diagram. The diagram shows the semi-truck in the left lane and Bryan's automobile in the right lane. It states, "[Bryan] was northbound on I65 . . .

[Lyons] was northbound beside [Bryan]." Police Rep. at 2. The report does not include a statement from the Plaintiff.

**DISCUSSION**

The three elements of the tort of negligence are: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the defendant's breach. *Cox v. N. Ind. Pub. Serv. Co.*, 848 N.E.2d 690, 696 (Ind. Ct. App. 2006). The Defendants in this case do not dispute that Lyons owed Bryan a duty of reasonable care in operating the semi-truck. Therefore, this summary judgment turns on whether there exist genuine issues of triable fact on whether Lyons breached his duty and whether Bryan's injuries were caused by that breach. The Court will address each issue, respectively.

**A.    Breach of Duty**

The Defendants claim that they are entitled to summary judgment for the Plaintiffs' failure to evidence a genuine issue of triable fact on the breach of duty issue for two separate reasons: First, the Plaintiffs have not come forward with any evidence that the semi-truck improperly changed lanes from the left lane to the right lane. Second, the Plaintiffs have not come forward with any evidence that the semi-truck was traveling at an unreasonable or unsafe speed at any time relevant to the accident.

Regarding the issue of whether the semi-truck ever changed lanes, the Defendants cite to several affidavits and depositions in the record. The Defendants note that Lyons, in his affidavit, stated:

> At all times concerning the accident of June 7, 2007, the J.B. Hunt Transport, Inc. tractor trailer I was operating remained entirely in its travel lane. For the last several miles leading up to and at the location where the accident occurred, the J.B. Hunt Transport, Inc. tractor trailer unit I was driving did not change travel lanes or attempt to move into another travel lane.

Lyons Aff. at 4.

The testimony of independent accident witness Rebecca Westphal, who was driving a truck behind the accident, is consistent with Lyons' Testimony:

> The J.B. Hunt Transport, Inc. tractor trailer unit remained entirely in its travel lane during the entire time that I observed the J.B. Hunt Transport, Inc. tractor trailer unit prior to any contact with [Bryan's automobile]. At no time did the J.B. Hunt Transport, Inc. tractor trailer unit change travel lanes or attempt to move into another travel lane.

Westphal Aff. at 7.

The Defendants also point to the fact that Bryan never saw Lyons change lanes in the moments leading up to the accident, and that the Plaintiffs' liability expert, Dr. Raymond Brach, was unable to find any evidence suggesting that the semi-truck ever changed lanes at the time leading up to the collision. The Defendants argue that the Plaintiffs have not produced any evidence that the semi-truck changed lanes at any time relevant to the accident, and that they have thus not made a *prima facie* case that the Defendants breached any duty.

However, the Court finds that the Plaintiffs have established a genuine issue of fact as to whether the semi-truck did improperly change lanes, and therefore breach a duty owed to Bryan.[1] Evidence in the record creates an issue of triable fact about the Plaintiffs' contention that Bryan's automobile was traveling in the right lane at the time of the collision, and that the semi-truck was traveling in the left lane. The undisputed evidence shows that the initial impact

---

[1] The Defendants did not dispute in their briefing that an improper lane change leading to a collision would, if it occurred, constitute a breach of duty.

occurred between the passenger side of the semi-truck and the driver side of Bryan's automobile. Finally, it is Lyons's admission that until the impact, he never saw, nor was otherwise aware of, Bryan's automobile. From these facts, all supported by evidence, a jury could find that Bryan was traveling north in the right lane of the Interstate and that Lyons improperly moved into the right lane from the left lane, causing the collision.

Furthermore, the Court notes that the Defendants rely on eyewitness statements to argue that there is no genuine issue of triable fact as to the cause and circumstances of the accident.[2] These statements are sometimes internally inconsistent, and sometimes contradict with each other. For example, it is Lyons's testimony that he was driving in the right lane for miles before, and during, the accident. This is inconsistent both with Bryan's statement, and with the diagram included in the police report, both of which had Lyons driving in the left lane. Similarly, the testimony of Westphal, on which the Defendant heavily relies in contending that his version of the story is the only plausible version, is subject to credibility attacks. The Defendants' expert acknowledges that Westphal's statement describes events that would be physically impossible based upon the physical evidence and that some of her description of the motor vehicles does not seem logical. The credibility of these statements are best left subject to cross-examination.

In short, the evidence before the Court does not support a finding that "the facts are undisputed and only a single inference can be drawn from those facts." The evidence creates a genuine issue of triable fact that, in the words of the Plaintiffs, "Lyons simply failed to check his mirrors, missed seeing Bryan's vehicle, and improperly changed lanes thereby causing this crash

---

[2] Although the Court notes that the Plaintiffs and Defendants each provided expert testimony at this summary judgment stage, both experts were unable to conclude based on physical evidence alone whether it was Lyons or Bryan who was at fault for the collision. They each acknowledged that it was possible that the physical evidence was caused by either side's theory of the accident.

7

and breaching a duty owed to Kendra." (Plaintiffs' Brief in Support of Response 11, DE 31).

However, while the Court finds that the Plaintiffs have created an issue of triable fact that Lyons improperly changed lanes, it finds that the Plaintiffs have not created an issue of triable fact that Lyons was traveling at an unreasonable or unsafe speed at any time relevant to the accident. The undisputed testimony of Bryan, Westphal, and Brach are all consistent in that they all state they are not aware that Lyons was operating his tractor trailer at an unreasonable rate of speed. The Plaintiffs did not brief this issue in their response brief, and the Court considers this issue conceded. Therefore the Court will grant summary judgment on the issue of the speed at which Lyons was traveling, but the Court cannot grant summary judgment on the basis that the Plaintiffs did not present sufficient evidence supporting a breach of duty theory regarding the improper lane change.

**B.     Causation**

The Defendants next contend that independent of the breach of duty issue, the Plaintiffs do not create a genuine issue of triable fact as to whether Lyons's actions caused the Plaintiffs' injuries. In order for a plaintiff to carry the burden of proof on a summary judgment for causation, she must present evidence of probative value based on facts, or inferences to be drawn from facts, establishing both that the wrongful act was a cause in fact of the occurrence and that the occurrence was a cause in fact of the injury. *Foddrill v. Crane*, 894 N.E.2d 1070, 1077 (Ind. Ct. App. 2008). In this case, the Defendants' arguments on causation overlap almost entirely with their arguments about why Lyons did not breach a duty in operating his vehicle. Indeed, the Defendants concede that "This same lack of evidence [as was used to support the no breach of

duty theory] is highly relevant to the issue of causation." (DE 25 at 17). Because the Plaintiffs have created a genuine issue of triable fact as to whether the Defendants breached a duty, and because it is undisputed that the Plaintiffs' injuries resulted from the automobile collision, the Court is compelled to find an issue of triable fact on the proximate causation issue.

The Defendants attempt to save this argument by relying on the case of *McDonald v. Latirre,* in which the Indiana Court of Appeals affirmed an award of summary judgment in favor of the defendant in a negligence action involving a motor vehicle. The Court found that the defendant driver's actions amounted to a "mere condition" of the accident, not the "proximate cause." 844 N.E.2d 206, 213 (Ind. Ct. App. 2006). However, the facts in this case are distinguishable from those in *McDonald*. In *McDonald*, the car accident involved a third party, whose vehicle struck the defendant's vehicle, pushing it into the plaintiff's vehicle. In this case, the accident was between two motor vehicles, which were operated by the two parties in the case. There exists a genuine issue of fact as to whether Lyons's semi-truck hit Bryan's automobile, setting off a ricochet effect that ended with the automobile being run over by the semi-truck. These facts also produce a genuine issue of fact as to proximate cause.

**C.      Mike Bryan's Derivative Claim**

The Defendants' contentions that Plaintiff Mike Bryan's loss of consortium claim should be subject to summary judgment all depend on the Court first granting summary judgment on the underlying negligence claim. As the Court declines to grant summary judgment on the negligence claim, it is left with the Plaintiffs' undisputed assertions that Mike Bryan suffered lost time and other damages to his marital relationship related to having a spouse with serious

9

and permanent injuries. The Court will not grant summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment [DE 24] is GRANTED IN PART AND DENIED IN PART. Summary judgment is granted as to the issue of whether Defendant Lyons was traveling at an unreasonable rate of speed. The remaining issue in this lawsuit is whether Defendant Lyons negligently made an improper lane change.

SO ORDERED on June 2, 2010.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION